UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60989-CIV-COHN/ROSENBAUM

CITY OF DANIA BEACH, FLORIDA,
et al.,

    Plaintiffs,

vs.

U.S. ARMY CORPS OF ENGINEERS,

    Defendant.
_____/

**ORDER GRANTING BROWARD COUNTY'S MOTION TO INTERVENE AND SETTING BRIEFING SCHEDULE AND HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

**THIS CAUSE** is before the Court upon Broward County's Motion to Intervene and For Leave to File a Responsive Pleading to Plaintiffs' Complaint For Declaratory and Injunctive Relief [DE 12] ("Motion"). The Court has carefully considered the Motion, Plaintiffs' Response [DE 16] ("Response")[1], and is otherwise fully advised in the premises.

In the Motion, Broward County seeks to intervene as a matter of right in this action or, alternatively, to permissively intervene. Motion at 1. Broward County argues that intervention is warranted as a matter of right because it has "(1) significant interests in the property under which the Permit authorizes activities; (2) significant public interest in increasing the capacity of facilities to accommodate air traffic to the maximum feasible extent so that safety and efficiency increase and delays decrease; (3)

---

[1] The Court directed any party who wished to oppose the Motion to file a response on or before 12 p.m. on June 12, 2012. See DE 13.

economic interests in the activities authorized by the Permit; and (4) rights as a permittee under the Permit." Id. at 6.  Broward County further asserts that its interests will not be properly represented by the existing defendant, U.S. Army Corps of Engineers (the "Corps") because "the Corps' interest lies in properly exercising the authority delegated to it by Congress, authority which no private party possesses." Id. at 9.  Broward County also states that the Corps has no financial stake in the continued viability of the permit.  Id.  Alternatively, Broward County contends that it has met the standard for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Id. at 11.

     Plaintiffs oppose Broward County's intervention as a matter of right.  Response at 1.  Plaintiffs contend that Broward County's interests can be adequately represented by the Corps because "the Corps and Broward County have the exact same objectives–to defend against Plaintiffs' claims, and avoid any further analysis and disclosure of the impacts of the South Runway extension plan." Id. at 3.  Although Plaintiffs oppose allowing Broward County to intervene as of right, Plaintiffs do not oppose permissive intervention.  Id. at 4.  Additionally, Plaintiffs request that the Court place certain conditions on Broward County's intervention "to ensure the fair, prompt, and efficient conduct of the litigation." Id.

     Federal Rule of Civil Procedure 24 provides that the court must permit any party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest , unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  For a party to intervene as a matter of

right under Rule 24(a), it must establish (1) the application to intervene is timely; (2) the party has an interest relating to the property or transaction which is the subject of the action; (3) the party is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the party's interest is represented inadequately by the existing parties to the suit. Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 272 Fed. Appx. 817, 819 (11th Cir. 2008) (citing Davis v. Butts, 290 F.3d 1297, 1300 (11th Cir. 2002)). Plaintiffs' sole objection to Broward County's intervention as of right is that Broward County's interest would be adequately represented by the Corp because they "have the same exact objectives." Response at 3.[2] The Court disagrees.

"The proposed intervenor has the burden of showing that the existing parties cannot adequately represent its interest, but this burden is 'treated as minimal.'" Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1255-56 (11th Cir. 2002) (quoting Clark v. Putnam Cnty., 168 F.3d 458, 461 (11th Cir. 1999)). For example, in Georgia v. United States Army Corps of Engineers, the Eleventh Circuit concluded that the State of Florida was entitled to intervene in a dispute over increasing water supply to the City of Atlanta because its interest, "to ensure that Georgia's actions do not deprive Florida of its equitable share of water," was "not represented by the Corps, which has no independent stake in how much water reaches the Apalachicola." 168 F.3d at 1256; see also Sierra Club v. Espy, 18 F.3d 1202, 1207-08 (5th Cir.1994) (finding that the

---

[2] Although it is unnecessary for the Court to discuss the three other factors that a party seeking to intervene as of right must establish because they are undisputed by Plaintiffs, the Court notes for the record that these factors have been met. See Motion at 5-9.

3

government did not adequately represent the interests of timber purchasers with economic interests at stake).  Here, Broward County posits that the Corps "does not have a financial stake in the outcome of this litigation."  Motion at 9.  Because Broward County contends that the Corps "does not have the economic or proprietary interests that the County possesses and is not subject to the severe and irreparable harm that would be visited upon the County should the Permit be declared invalid," the Court finds that Broward County has met its "minimal" burden.  See Georgia, 303 F.3d at 1255; Motion at 11.

      Furthermore, the Court disagrees that "there is a presumption of adequate representation by the Corps" merely because the Corps and Broward County may have some common objectives.  See Response at 3.  In United States v. City of Miami, the case cited by Plaintiffs for this proposition, the Eleventh Circuit noted that such a presumption applies "when applicants for intervention seek to achieve the same objectives as an existing party in the case."  278 F.3d 1175, 1178 (11th Cir. 2002) (citations omitted).  Here, Broward County has identified interests which the Corps does not share.  See Motion at 9-10.  In Defenders of Wildlife v. Bureau of Ocean Energy Management, the Southern District of Alabama concluded that although the proposed intervener, Chevron, had "not proven that its interests in this litigation actually diverge from those of the Associations . . ., Chevron's burden under Rule 24(a) is not so stringent."  No. 10–0254–WS–C, 2010 WL 5139101, at *3 (S.D. Ala. Dec. 9, 2010) (internal quotation marks omitted).  Thus, the Court foundes that Chevron had satisfied the "inadequate representation" element of Rule 24(a) by demonstrating that existing defendant's representation of its interests may be inadequate despite overlap between

them.  Broward County has similarly established that it has independent interests which may not be adequately represented by the Corps.  Accordingly, Broward County should be permitted to intervene as of right.

Because the Court has determined that Broward County may intervene as of right pursuant to Rule 24(a), the Court does not reach Broward County's alternative argument for permissive intervention pursuant to Rule 24(b).[3]  Additionally, the Court declines to place any conditions on Broward County's intervention.  Plaintiffs have not provided any evidence from which the Court can conclude that Broward County will use its intervention to "delay the proceedings."  See Response at 4.  The Court has set a briefing schedule and hearing on Plaintiffs' motion for a preliminary injunction [DE 4] which no party will be able to modify, absent good cause.  Additionally, if Plaintiffs believe that they require additional pages to adequately bring or respond to motions, they may move the Court for additional pages on a motion by motion basis pursuant to Local Rule 7.1(c)(2).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Broward County's Motion to Intervene and For Leave to File a Responsive Pleading to Plaintiffs' Complaint For Declaratory and Injunctive Relief [DE 12] is **GRANTED**;

2. Broward County is permitted to **INTERVENE** pursuant to Federal Rule of Civil Procedure 24(a);

3. Broward County is directed to file its response to Plaintiffs' Motion for a

---

[3]  Plaintiffs do not oppose permissive intervention.  Response at 4.

Preliminary Injunction [DE 4] on or before **June 22, 2012**;

4. Plaintiffs are directed to file any reply to Broward County's response on or before **12 p.m.** on **July 2, 2012**;

5. Plaintiff's Request for Oral Argument on their Motion for Preliminary Injunction [DE 7] is **GRANTED**;

6. Oral argument is hereby set on Plaintiff's Motion for a Preliminary Injunction [DE 4] for **9:30 a.m.** on **July 3, 2012**, in Courtroom 203E of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida; and

7. Broward County shall respond to the Complaint [DE 1] on or before **June 19, 2012.**[4]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of June, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[4] In the Motion, Broward County requests that it be permitted to file "a responsive pleading to Plaintiffs' Complaint on or before the date on which the Corps is required to file a response." Motion at 12. This June 19, 2012 response date is based on a service date of May 29, 2012. See DE 14.